UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Dunn,

    Plaintiff,

v.

Mark Tanner *et al.*,

    Defendants.

Case: 1:16-cv-01341
Assigned To : Unassigned
Assign. Date : 6/28/2016
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Rivers Correctional Institution in Winton, North Carolina. He claims that the defendants "sent [him] to prison for a crime that [he] did not commit[ ]." Compl. at 5 (page number supplied). The named defendants appear to have played a role in the revocation of plaintiff's parole supervision--a decision plaintiff attributes to the defendants' "Hate and Bias against him." *Id.* Plaintiff seeks certain equitable relief that this court has no power to grant and compensation "for each day" that he is incarcerated "for a crime that all name[d] defendant[s] know that I did not commit[.]" *Id.*

Because plaintiff's success would necessarily invalidate his detention, his claim is not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris*

1

*v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration'"). Nothing in the complaint suggests that plaintiff's revocation sentence has been invalidated. Consequently, this action will be dismissed without prejudice to plaintiff's "rights to pursue his claims in an appropriate proceeding." *Harris*, 611 Fed. App'x at 2. A separate order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: June 24, 2016